## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISAAC B. ANDERSON and EDDIE JOHNSON,** | ) ) ) | **No. 2:20-1802** |
| **PLAINTIFFS,** | ) ) ) | |
| **v.** | ) ) ) | **Jury Trial Demanded** |
| **LAWRENCE COUNTY DRUG TASK FORCE,** **K-9 OFFICER JOHN DOE, in his individual and official capacities.** | ) ) ) ) ) | |
| **DEFENDANTS.** | ) | *Electronically Filed.* |

### AMENDED COMPLAINT

AND NOW, come the Plaintiffs, Isaac B. Anderson and Eddie Johnson, by and through their attorneys, THE LINDSAY LAW FIRM, P.C., Alexander H. Lindsay Jr. and J.P. Senich, Esquire and file the following Amended Complaint.

### I.      INTRODUCTION

1.      Plaintiff, Isaac Anderson, brings this action pursuant to 42 U.S.C. § 1983, alleging that Lawrence County Drug Task Force, acting under color of law, violated Plaintiff's Fourth Amendment right to be secure from a warrantless search and seizure of his person and from injuries to his person. Mr. Anderson is an African-American male who was in a motel room when the Lawrence County Drug Task Force busted through the door without knocking or announcing their presence or purpose. Even after Mr. Anderson surrendered, the John Doe officer released the K-9 Unit attack dog and Mr. Anderson was bitten by the dog. Mr. Anderson also incurred injuries when the John Doe officer elbowed him in the back of the head when he was lying on the ground and obeying the officer's commands.

1

2. Plaintiff, Eddie Johnson, brings this action pursuant to 42 U.S.C. § 1983, alleging that Lawrence County Drug Task Force, acting under color of law, violated Plaintiff's Fourth Amendment right to be secure from a warrantless search and seizure of his person. Mr. Johnson is an African-American male who was in a motel room when the Lawrence County Drug Task Force busted through the door without knocking or announcing their presence or purpose. Mr. Johnson was improperly detained, arrested and wrongfully incarcerated in the Lawrence County Jail. Mr. Johnson was incarcerated irrespective of an auto-immune illness that the Police and prosecutors were made aware of shortly after his incarceration and was at high risk of contracting Covid-19.

## II.      JURISDICTION AND VENUE

3. This action arises under 42 U.S.C. § 1983, and this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1343.

4. Venue is proper pursuant to 28 U.S. § 1391 in the Western District of Pennsylvania as this is the district where the cause of action arose, the district where the transactions and occurrences took place out of which the cause of action arose, and is a district in which Defendants regularly conduct activity.

## III.      PARTIES

5. Plaintiff, Isaac B. Anderson, is an adult individual currently incarcerated in the Lawrence County Jail, and at all times pertinent to this Complaint, Plaintiff was and still is a citizen of the United States and the Commonwealth of Pennsylvania.

6. Plaintiff, Eddie Johnson, is an adult individual currently residing in Detroit, Michigan and at all times pertinent to this Complaint, Plaintiff was and still is a citizen of the United States.

7. Defendant Lawrence County Drug Task Force is a law enforcement agency  at 430 Court Street, New Castle, PA 16101 established by the Lawrence County District Attorney's Office and operating under the laws of the Commonwealth of Pennsylvania.

2

8.     Defendant K-9 Officer John Doe is an adult individual and at all times material hereto was employed as an Officer with the Lawrence County Drug Task Force with a station at 430 Court Street, New Castle, PA 16101, and at all times material hereto Defendant Doe acted under color of law. He is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

9.     Mr. Anderson was present in a Super 8 Motel room (room 318) on October 26th, 2019 located at 1699 New Butler Road, New Castle, Pennsylvania 16101.

10.     At approximately 7:23 am on October 26, 2019, an unknown officer entered the motel room along with several Lawrence County District Attorney Special Investigators.

11.     Officer Doe did not have a valid warrant to enter Plaintiff's motel room nor to arrest Plaintiff.

12.     Plaintiff was confused as to why an officer had entered the motel room, so he jumped out of the third story window in fear for his safety; he did not know that law enforcement had entered the room because they did not announce themselves.  However, the affidavit of probable cause claims that they had a "sealed" search warrant.

13.     K-9 Officer Doe and other unidentified officers on scene chased after Plaintiff on foot and presumably by vehicle as he ran through the parking lot toward New Butler Road.

14.     When the Plaintiff realized that the individuals chasing him were police officers, he laid down on the ground with his hands above his head an effort to surrender to K-9 Officer Doe and the other responding officers.

15.     In response to Plaintiff's surrender, the K-9 Unit dog was released and attacked Plaintiff.

16.     Plaintiff was still on the ground with his hands visible and above his head when the K-9 Unit dog bit him.

17.     Plaintiff has a scar on his arm from where the K-9 Unit dog bit him.

18.     After they released the dog, K-9 Officer Doe elbowed Plaintiff in the back of the head causing injury to Plaintiff's lower cerebral area and upper cervical area.

19.     At no time during the encounter was Plaintiff told he was under arrest or that he was resisting arrest.

**COUNT I—(Violation of 42 U.S.C. § 1983—Violation of Fourth Amendment)**

**ISSAC ANDERSON and EDDIE JOHNSON v. LAWRENCE COUNTY DRUG TASK FORCE and K-9 OFFICER JOHN DOE**

20.     The prior paragraphs are hereby incorporated by reference as though fully set forth herein.

21.     The Fourth Amendment applies to the manner in which a search is conducted and also protects persons from warrantless searches of places in which they have a reasonable expectation of privacy.

22.     To state a claim for unlawful search as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a search was unreasonable.

23.     The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, "the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Graham v. Connor*, 490 U.S. 386, 397 (1989).

24.     In determining reasonableness, a court considered the following factors: the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight. See *Graham*, 490 U.S. at 396.

25.     A Fourth Amendment reasonableness inquiry is ordinarily a question for a jury.

26.     Neither Plaintiff posed an immediate threat to the safety of police.

27.     At no time during the encounter were the Plaintiffs told they was under arrest.

28.     Defendants' did not have a valid warrant and thus, a warrantless seizure of Plaintiffs' person was unsupported by probable cause.

29.     To state a claim for violation of one's reasonable expectation of privacy,  Plaintiffs must show that they had a legitimate expectation of privacy in the area that was searched.

30.     The test for whether a person has a legitimate privacy interest is whether "that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as "reasonable."" *Katz v. United States*, 389 U.S. 347, 361 (1967).

31.     Pennsylvania law recognizes that, "[a] hotel room can be the object of Fourth Amendment protection as much as a home or an office." *Commonwealth v. Dean*, 940 A.2d 514, 519 (Pa. Super. 2008), *quoting Hoffa v. United States*, 385 U.S. 293, 301 (1966).

32.     Furthermore, "[w]arrantless searches and seizures inside a home (hotel room) are presumptively unreasonable unless the occupant consents or probable cause and exigent circumstances exist to justify intrusion." *Dean, supra* at 521.

33.     Pennsylvania jurisprudence further establishes that a registered hotel guest enjoys a legitimate expectation of privacy during the period of time in which the room rental remains valid. *See Commonwealth v. Brundidge*, 533 Pa. 167, 620 A.2d 1115, 1118 (Pa. 1993)

34.     Plaintiffs had a legitimate expectation of privacy in the hotel room he rented and occupied.

35.     K-9 Officer Doe and the Lawrence County Drug Task Force did not have probable cause that warranted the intrusion nor did they have Plaintiff's consent.

36.     Defendants did not have probable cause to enter the hotel room and thus violated Plaintiff's Fourth Amendment reasonable expectation of privacy.

WHEREFORE, Plaintiffs Anderson and Johnson demand judgment against Defendants in an amount in excess of the arbitrations limits, plus costs, punitive damages, attorney fees, and such relief as the Court may deem proper.  A JURY TRIAL IS DEMANDED.

**COUNT II- (Violation of 42 U.S.C. § 1983: Violation of Fifth Amendment and Fourteenth Amendment: Freedom from Assault**

**ISSAC ANDERSON and EDDIE JOHNSON v. LAWRENCE COUNTY DRUG TASK FORCE and K-9 OFFICER JOHN DOE**

37.    The prior paragraphs are incorporated by reference as if fully set forth herein.

38.    The right to be secure in one's person is protected by the Fifth and Fourteenth Amendments.

39.    Defendant K-9 Officer Doe elbowed Plaintiff Johnson in the back of the head which caused Plaintiff to suffer several injuries.

40.    Defendants released the K-9 Unit dog to attack Plaintiff Johnson after he had already Surrendered on the ground with his hands above his head.

41.    Plaintiff Johnson has sustained a scar on his arm from the K-9 Unit dog bite.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount in excess of the arbitrations limits, plus costs, punitive damages, attorney fees, and such relief as the Court may deem proper. A JURY TRIAL IS DEMANDED.

**PENDANT STATE LAW CLAIMS**

**COUNT III- ASSAULT**

**ISSAC ANDERSON and EDDIE JOHNSON v. LAWRENCE COUNTY DRUG TASK FORCE and K-9 OFFICER JOHN DOE**

42.    The prior paragraphs are incorporated by reference as if fully set forth herein.

43.    Defendant intended to cause a harmful or offensive contact with Plaintiff and caused Plaintiff to be in imminent apprehension of such contact.

44.      Defendants used more than threatening words to put Plaintiff in reasonable apprehension of physical injury because they were in a position to carry out the threat immediately.

45.      Defendant's harmful or offensive contact caused Plaintiff to be in reasonable apprehension of physical injury.

46.      Plaintiff was placed in actual harm and suffered the aforementioned injuries due to Defendants' willful misconduct.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of the arbitrations limits, plus costs, punitive damages, and such relief as the Court may deem proper.   A JURY TRIAL IS DEMANDED.

## COUNT IV- BATTERY

### ISSAC ANDERSON and EDDIE JOHNSON v. LAWRENCE COUNTY DRUG TASK FORCE and K-9 OFFICER JOHN DOE

47.      The prior paragraphs are incorporated by reference as if fully set forth herein.

48.      Battery has been described by the Supreme Court of Pennsylvania as "an unconsented touching that is either harmful or offensive." *C.C.H. v. Philadelphia Phillies, Inc.*, 940 A.2d 336, 340 (2008).

49.      Defendant's intended to have non-consensual physical contact with the Plaintiff Johnson and that contact resulted in physical harm.

50.      Defendant's contact with Plaintiff Anderson would be contact that a reasonable person would find harmful or offensive.

51.      Plaintiff Johnson suffered actual harm from the Defendant's harmful and offensive touching including:

   a. Elbowing Plaintiff in the back of the head causing injury to Plaintiff's lower cerebral area and upper cervical area; and

   b. Releasing a K-9 Unit dog which bit the Plaintiff and caused him to sustain a scar on his arm.

7

52.     Plaintiff Johnson was placed in actual harm and suffered the aforementioned injuries due to Defendants' willful misconduct.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of the arbitrations limits, plus costs, punitive damages, and such relief as the Court may deem proper.   A JURY TRIAL IS DEMANDED.

## COUNT V- TRESPASS

### ISSAC ANDERSON v. LAWRENCE COUNTY DRUG TASK FORCE and K-9 OFFICER JOHN DOE

53.     The prior paragraphs are incorporated by reference as if fully set forth herein.

54.     Trespass is defined under Pennsylvania law as "an unprivileged, intentional intrusion upon land in possession of another." *United States v. Union Corp*., 277 F. Supp.2 d 478, 495 (E.D. Pa. 2003); *Graham Oil Co. v. B.P. Oil Co*., 885 F. Supp. 716, 725 (W.D. Pa. 1994).

55.     In order to maintain an action in trespass, "a plaintiff must have had the right to exclusive use and possession of the property at issue." *Graham*, 885 F. Supp. at 725 (*citing Ne. Women's Ctr., Inc. v. McMonagle*, 670 F. Supp. 1300, 1311 (E.D. Pa. 1987)).

56.     Officer Doe was not privileged to enter the motel room occupied by Plaintiffs because they did not possess a valid arrest warrant or probable cause to enter.

57.     Officer Doe intentionally intruded in the motel room occupied by Plaintiff without knocking and announcing his presence.

58.     Plaintiffs had the right to exclusive use and possession of his motel room for the duration of his stay at the Super 8 motel.

59.     Defendants unlawfully trespassed in Plaintiffs' motel room.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of the arbitrations limits, plus costs, punitive damages, and such relief as the Court may deem proper.   A JURY TRIAL IS DEMANDED.

Respectfully submitted:

THE LINDSAY LAW FIRM, P.C.,

*s/Alexander H. Lindsay, Jr.*
Alexander H. Lindsay, Jr., Esq.
Attorney for Plaintiff
Pa. Supreme Court Id. No. 15088

*s/J.P. Senich*
J.P. Senich, Esq.
Attorney for Plaintiff
Pa. Supreme Court Id. No. 317813

110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone:  (724) 282-6600